751 A.2d 610

IFA INSURANCE COMPANY, PLAINTIFF–APPELLANT,
v. ATLANTIC MUTUAL INSURANCE COMPANY,
DEFENDANT–RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued May 10, 2000—Decided June 1, 2000.

Before Judges BAIME, BROCHIN and EICHEN.

*Gary L. Riveles* argued the cause for appellant (*Dughi & Hewit*, attorneys; *Mr. Riveles,* on the brief).

*Linda L. Keesey* argued the cause for respondent (*Smetana & Mahoney,* attorneys; *Ms. Keesey,* on the brief).

The opinion of the court was delivered by

EICHEN, J.A.D.

On this appeal, we are confronted with essentially the same issue presented in *Rutgers Casualty Ins. Co. v. Ohio Casualty Ins. Co.,* 299 *N.J.Super.* 249, 690 *A.*2d 1074 (App.Div., 1997), *aff'd,* 153 *N.J.* 205, 707 *A.*2d 1350 (1998): whether an insurance carrier that pays personal injury protection (PIP) benefits to a claimant injured in an automobile accident is entitled to pro rata contribution under *N.J.S.A.* 39:6A–11 [1] from another insurance carrier that is also required to provide PIP coverage under *N.J.S.A.* 39:6A–4. The Supreme Court concluded that the carrier that paid the PIP benefits in that case was not entitled to contribution from

---

[1] *N.J.S.A.* 39:6A–11 then stated:

[I]f two or more insurers are liable to pay benefits under section 4 and 10 of this act for the same bodily injury, or death, of any one person, the maximum amount payable shall be as specified in section 4 and 10 if additional first party coverage applies and any insurer paying the benefits shall be entitled to recover from each of the other insurers, only by inter-company arbitration or inter-company agreement, an equitable pro-rata share of the benefits paid.

This section was amended in 1998, but the revisions did not change the parts relevant to this appeal.

the defendant carrier, Ohio Casualty Insurance Company (Ohio), because Ohio had effectively excluded PIP coverage under the "follow-the-family" provision in its policy, and because the Legislature had eliminated PIP contribution as a matter of law by enacting *N.J.S.A.* 39:6A–7b(3). *See Rutgers, supra,* 153 *N.J.* at 210, 707 *A.*2d 1350.

Briefly stated, these are the facts in this case. Kenneth DiNicola, Jr. was the named insured under a policy issued by plaintiff IFA Insurance Company (IFA) insuring his personal vehicle. On December 12, 1997, DiNicola was involved in an automobile accident while he was driving a car owned by his employer EMCO Plastic Distributors (EMCO), which he used for business and personal use. The EMCO car was insured by defendant Atlantic Mutual Insurance Company (Atlantic Mutual). The only named insured under the Atlantic Mutual policy was EMCO.

As a result of the injuries he sustained in the accident, DiNicola applied for and received PIP benefits from IFA under his personal policy. IFA sought inter-company arbitration to compel Atlantic Mutual to contribute its share of the PIP expenses. Atlantic Mutual refused, citing the "follow-the-family" exclusion in its policy which excludes payments of PIP benefits to "to any person other than the 'named insured' or any 'family member' if such person is entitled to New Jersey personal injury protection ... as a 'named insured' or 'family member' under the terms of any other policy with respect to such coverage...." Relying on its "exclusion," *i.e.,* the fact that DiNicola was a named insured on IFA's policy, Atlantic Mutual declined to participate in inter-company arbitration under *N.J.S.A.* 39:4–11.

On a motion for summary judgment, the Law Division ruled in favor of Atlantic Mutual, dismissing its complaint and this appeal ensued. We affirm.

In *Rutgers, supra,* 153 *N.J.* at 209, 707 *A.*2d 1350, the Supreme Court affirmed our decision, agreeing with us that under the "follow-the-family" provision in the policy issued by Ohio to its insureds it was rendered not "liable" for the payment of PIP

benefits to anyone other than its named insured and the named insured's otherwise uninsured resident relatives because the injured persons there had PIP coverage under their own policies. *See* 299 *N.J.Super.* 249, 263, 690 *A.*2d 1074 (App.Div.1997). In so doing, the Court noted our observation that the "follow-the-family" provision "effectuates" the legislative goal of "transactional efficiency" by permitting insurance companies to avoid the "cumbersome and uneconomic shifting of dollars" that results from contribution claims. *See Rutgers, supra,* 153 *N.J.* at 209, 707 *A.*2d 1350. The Court further remarked that the explanatory note to the recently enacted amendment to *N.J.S.A.* 39:6A–7, *N.J.S.A.* 39:6A–7b(3) [2] states that "the bill eliminates PIP contribution." *Rutgers, supra,* 153 *N.J.* at 210, 707 *A.*2d 1350. The explanatory note states in its entirety as follows:

> This bill provides that insurers do not have to pay certain personal injury protection (PIP) benefits if the injured person already has PIP benefits coverage under another policy.
>
> Pursuant to section 11 of P.L.1972, c. 70 (C.39:6A–11), if two or more insurers are liable to pay PIP benefits, any insurer paying the benefits can recover from the other insurers an equitable pro-rata share of the benefits paid. This process is commonly referred to as "PIP contribution." *Most insurers have recognized that PIP contributions, in most cases, result in a "wash," and accordingly, insurers have not generally exercised the contribution option. This bill eliminates PIP contributions and thereby eliminates an unnecessary expense in the current system without reducing coverage to the consumer.*
>
> Allows insurers to deny PIP benefits to persons with PIP coverage under another policy. (Emphasis added.)

In light of the foregoing, the Court observed that both "the policy exclusion and the statutory exclusion thus prohibits an insurance carrier that has paid out PIP benefits pursuant to *N.J.S.A.* 39:6A–4.2 [3] from receiving contribution from other carriers potentially liable under *N.J.S.A.* 39:6A–4, –11."

---

[2] *N.J.S.A.* 39:6A–7b(3) provides on its face that an insurance carrier may exclude from coverage any person who is entitled to coverage as a named insured or resident relative under the terms of another policy. *See* 153 *N.J.* at 210, 707 *A.*2d 1350.

[3] *N.J.S.A.* 39:6A–4.2 states, in relevant part:

Based on the foregoing, we are constrained to conclude that because DiNicola is a named insured in the IFA policy and is entitled to, and did receive PIP benefits from his carrier, and because Atlantic Mutual's policy includes a "follow-the-family" provision, Atlantic Mutual cannot be "liable" to IFA for contribution toward DiNicola's PIP expenses and the Law Division judge was correct in dismissing its complaint.

Nonetheless, we believe it is appropriate to make these added observations. We are keenly aware that the facts in *Rutgers* are decidedly different from those in the instant case. There, in each situation, the person injured in the accident was either a pedestrian or passenger in a car he did not own. In light of Ohio's policy exclusion, the injured person's personal insurance carrier was required to pay without contribution from the tortfeasor's carrier. In this case, the person was injured while driving his employer's vehicle. The named insured on the policy covering the vehicle is a corporation (EMCO). Theoretically, the named insured cannot sustain injuries, nor can it have any "resident relatives" capable of sustaining injuries while traveling in another person's automobile. In that sense, the PIP coverage appears somewhat illusory. In addition, it does not appear economically rational to charge the cost of PIP benefits to DiNicola's personal policy when as an employee, he uses his corporate vehicle for most of his driving needs. Under such circumstances, EMCO's carrier should expect to be obligated for PIP benefits. Arguably, it would seem more rational for a corporate policy to be interpreted to mean that the terms "named insured" and "resident family members" include "employees."

---

[T]he personal injury protection coverage of the named insured shall be the primary coverage for the named insured and any resident relative in the named insured's household who is not a named insured under an automobile insurance policy of his own. No person shall recover personal injury protection benefits under more than one automobile insurance policy for injuries sustained in any one accident.

On the other hand, we must also acknowledge that in the next case, the tables will undoubtedly be turned, and it will be IFA that has a corporate "named insured" and a "follow-the-family" provision in its policy that will insulate it from having to contribute to PIP costs for one of its corporate insured's employees. Thus, in the long run, by disallowing contribution in cases where there is a "follow-the-family" provision, the legislative goal of "transactional efficiency" ("the legislative grail of the no-fault scheme") will be accomplished. *Rutgers, supra,* 299 *N.J.Super.* at 263, 690 *A.*2d 1074.

Lastly, we note that IFA's reliance on *French v. New Jersey Sch. Bd. Assoc. Ins. Group,* 149 *N.J.* 478, 694 *A.*2d 1008 (1997), is misplaced. *French* involved the availability of underinsured motorist (UIM) coverage to an employee under her employer's policy, not PIP coverage. If plaintiff's employer's UIM coverage was not considered in determining whether the tortfeasor was underinsured, the injured employee in *French* would not have recovered sufficiently for her losses. *See Lindstrom v. Hanover Ins. Co.,* 138 *N.J.* 242, 249, 649 *A.*2d 1272 (1994) (noting the differences between PIP and UIM as based on significantly different needs). Here, the injured person stands to receive full PIP benefits irrespective of who is primarily held responsible for his PIP payments.

The motion judge properly found that IFA's claim for contribution was barred. Accordingly, we affirm the order dismissing plaintiff's complaint.